# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

### No. 14-340V

(Filed July 10, 2014)

**NOT TO BE PUBLISHED**

* * * * * * * * * * * * * * * * * * * * * * * * *

CRYSTAL LA VECK and MARK    *
OSTERHOUDT, parents of B.O., a minor,    *

   *      Special Master Corcoran

Petitioners,    *

   *

v.    *      Entitlement; On-Table Injury; Conceded

   *

SECRETARY OF HEALTH AND    *
HUMAN SERVICES,    *

   *

Respondent.    *

   *

* * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald C. Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioners.

*Lindsay Corliss*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### RULING FINDING ENTITLEMENT[1]

On April 23, 2014, Petitioners Crystal La Veck and Mark Osterhoudt filed a petition on behalf of their minor child, B.O., seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Petitioners allege that B.O. suffered

---

[1] Because this ruling contains a reasoned explanation for my action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id*).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

idiopathic thrombocytopenic purpura (ITP) as a result of receiving the measles-mumps-rubella vaccine on June 14, 2011.

In the Rule 4(c) Report, Respondent stated that the Petitioners' claim is compensable under the Act. Respondent specifically stated that the Division of Vaccine Injury Compensation (DVIC), Department of Health and Human Services, has reviewed the facts of this case and has concluded that the Petitioners are entitled to a vaccine award because "B.O's alleged injury is consistent with ITP as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3(b)(2)" and "DVIC did not identify any other causes for B.O,'s ITP." (Rule 4(c) Report at 5). Additionally, the Rule 4(c) Report acknowledges that Petitioners have satisfied all the other legal prerequisites for compensation under the Vaccine Act. *Id.*

In view of Respondent's concession, and based on my own review of the record (*See* § 300aa-13(a)(1)), I find that Petitioners are entitled to compensation for an injury that was caused-in-fact by a covered vaccine. 42 C.F.R. §§ 100.3(a)(XIV) and 100.3(b)(2). A separate damages order will issue shortly.

Any questions may be directed to my law clerk, Kevin Eagen, at (202) 357-6391.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master